IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANA WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-cv-1835-SMY |
| | ) |
| METROPOLITAN ENFORCEMENT | ) |
| GROUP OF SOUTHERN ILLINOIS, | ) |
| ILLINOIS STATE POLICE, | ) |
| BOB PATTERSON, JOE BELIVEAU, | ) |
| JOSH HUNT, KEVIN CROLLY, | ) |
| SCOTT PRITCHETT, | ) |
| KAREN GORDON, TONY LUTHER, | ) |
| MATT WERNER, and MATT EVERS | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Dana Watson brings this action against Defendants Metropolitan Enforcement Group of Southern Illinois ("MEGSI"), Illinois State Police ("ISP"), and ISP individual defendants Bob Patterson, Joe Beliveau, Josh Hunt, Kevin Crolly, Scott Pritchett, Karen Gordon, Tony Luther, Matt Werner, and Matt Evers. Watson alleges violations of her constitutional and civil rights stemming from the failure to have seized property returned to her. Now pending before the Court are Defendants' motions to dismiss (Docs. 15, 21), which Watson opposes (Docs. 18, 22). For the following reasons, the motions are **GRANTED**.

### Background

In January 2014, MEGSI officers executed a no-knock warrant at Watson's home. The officers searched her home for drugs and seized Watson's legally owned handgun and cash that she had been saving.

In 2022, Watson sued MEGSI in state court, alleging the officers had violated her constitutional rights by among other things, failing to return her property. MEGSI removed the case under 28 U.S.C. § 1441 and moved to dismiss. *See Watson v. Metro. Enf't Grp. of S. Illinois*, Case No. 22-cv-2555. The Court granted the motion with prejudice, finding the statute of limitations barred the claims because more than eight years had passed between the allegedly unlawful conduct and the filing of the Complaint. Watson appealed and the Seventh Circuit affirmed in August 2023. *Watson v. Metro. Enf't Grp. of S. Illinois*, No. 23-1412, 2023 WL 5276607, at *1 (7th Cir. Aug. 16, 2023).

Watson filed the instant lawsuit in August 2024, making the identical allegations she previously raised in the 2022 lawsuit against Defendant MEGSI. Although she adds defendants in her new lawsuit, the allegations are the same. Specifically, Watson claims that Defendants violated her Fourth, Fifth, and Fourteenth Amendment rights by unlawfully searching her home in 2014, seizing her property, and failing to return money in the amount of $1892.00 and handgun which should have been released to her. She also alleges violations of the Civil Rights Act of 1871, 1964, Title VII, and 42 U.S.C. § 1983.

Watson also added factual allegations regarding her recent attempts to collect her property. She alleges that she contacted various individuals at the Illinois State Police Department in Spring 2024 to track down her property and was told that it was not in the vault, and that she was told she would have to go through the courts to get a court order for the release of her property. She attached numerous documents to her Complaint, including those attached to her 2022 Complaint and a state court order from March 2024, releasing the money to her. Watson asserts that the state court clerk has not released the funds, so she filed the instant lawsuit.

## Discussion

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. Defendants move to dismiss Watson's Complaint asserting her latest lawsuit is barred by the doctrine of res judicata.

Watson's Complaint raises the same allegations against the defendants that she made against Defendant MEGSI in her 2022 Complaint. "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry,* 449 U.S. 90, 94 (1980). The aim of the doctrine is to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Id.* "Res judicata promotes predictability in the judicial process, preserves the limited resources of the judiciary, and protects litigants from the expense and disruption of being haled into court repeatedly." *Palka v. City of Chicago,* 662 F.3d 428, 437 (7th Cir. 2011).

There are three requirements for res judicata: "(1) a final judgment on the merits ... entered in the first lawsuit by a court of competent jurisdiction; (2) an identity of causes of action exists; (3) the parties or their privies are identical in both lawsuits." *Doherty v. Fed. Deposit Ins. Corp.*, 932 F.3d 978, 983 (7th Cir. 2019). Where it applies, res judicata prevents the relitigation of claims already litigated as well as those that could have been litigated but were not. *Russian Media Grp., LLC v. Cable Am., Inc.,* 598 F.3d 302, 310 (7th Cir. 2010).

Here, the elements of res judicata are satisfied. Watson's allegations are identical to those she raised against MEGSI in her 2022 lawsuit – that Defendants' seizure of her property and failure to return her property were unlawful. The 2022 lawsuit was dismissed with prejudice and affirmed by the Seventh Circuit. And although Watson did not name ISP and the individual ISP defendants in her 2022 lawsuit, those defendants are in privity with MEGSI; privity exists between parties or entities who adequately represent the same legal interests. *Chicago Title Land Tr. Co. v. Potash Corp. of Saskatchewan Sales*, 664 F.3d 1075, 1080 (7th Cir. 2011). As noted by the Seventh Circuit, MEGSI is a task force composed of federal, state, and local law enforcement officers under the umbrella of the ISP. *Watson,* 2023 WL 5276607, at *1. As such, Watson could have brought her 2022 lawsuit against ISP and the individual ISP defendants. In fact, she mentions the individual defendants in her original state court complaint. Accordingly, the doctrine of res judicata bars her instant lawsuit.[1]

## Conclusion

For the foregoing reasons, Defendants' motions to dismiss (Docs. 15, 21) are **GRANTED**. Plaintiff's Complaint is **DISMISSED with prejudice** and all pending motions are **TERMINATED as MOOT**. The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close this case.

**IT IS SO ORDERED.**

**DATED:  January 6, 2025**

**STACI M. YANDLE**
**United States District Judge**

---

[1] Even if Watson's claims were not barred by res judicata, Watson's additional allegations regarding her attempts to retrieve her property in state court fail to plausibly state a claim that any of the defendants violated her constitutional rights under the Fourth, Fifth, or Fourteenth Amendments, or her civil rights under any of the statutes invoked.